## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CESAR LOPEZ, JANICE POTTER, BRYAN SMITH, KEVIN CURRY, DANIEL STONE, AARON HANSON, BRANDY STEWART, and RENARDO RISPER individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>WAKEFIELD & ASSOCIATES, LLC and REVCO SOLUTIONS, INC.,<br><br>     Defendants. | Civil Action No. 1:25-cv-02937-NYW |

## DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION
## OF THE PAGE LIMIT FOR THEIR JOINT MOTION TO DISMISS

Defendants WAKEFIELD & ASSOCIATES, LLC ("Wakefield") and REVCO SOLUTIONS, INC.,  ("RevCo", collectively with Wakefield, "Defendants") respectfully request leave to exceed the page limit for their reply to Plaintiffs' response to the motion to dismiss. Defendants seek a ten (10) page expansion of the ten (10) page limit for a reply in Judge Wang's Uniform Civil Practice Standards because they plan to file a single joint reply rather than two separate replies and because of the need to fully respond to Plaintiffs' 30-page response to the motion to dismiss.

## CERTIFICATE OF CONFERRAL

Pursuant to D.COLO.LCivR 7.1(a), counsel for the parties have conferred, and Plaintiffs do not oppose the relief requested in this motion.

## MOTION

1.      Defendants moved to dismiss the Second Amended Complaint ("SAC") and Plaintiffs responded. ECF Nos. 50, 52. Defendants' deadline to reply is May 18, 2026.

2.    Pursuant to the Honorable Nina Y. Wang's Uniform Civil Practice Standard 10.1(c)(1), replies to response to a motion to dismiss shall not exceed ten (10) pages.

3.    Judge Wang's Uniform Civil Practice Standard 10.1(c)(5) provides, "[t]he Court will entertain motions for extensions of the page limit where appropriate and for good cause."

4.    Defendants request leave to exceed the ten (10) page limitation for their reply brief by ten (10) pages, for a total of 20 pages. Good cause exists under the circumstances set forth below.

5.    The SAC added a new defendant, RevCo. Defendants and Plaintiffs jointly moved for, and the Court granted, a motion allowing Defendants to submit a single joint brief with a total of 30 pages in support of their motion to dismiss. ECF Nos. 47, 48. The same motion allowed Plaintiffs to submit a 30-page response to the motion to dismiss. *Id.*

6.    As with the initial motion, a joint reply will be more efficient than two separate briefs but will require more than ten (10) pages. The total pages requested, 20, are the same 20 pages allowed for separate replies by two parties.

7.    This a putative data breach class action where Plaintiffs are seeking certification of a nationwide class. This Court has previously granted an extension of ten (10) pages, for a total of 20 pages, for a reply to a response to a motion to dismiss in a similar matter. *See Doe v Conceptions*, 25-cv-00009-NYW-CYC, ECF Nos. 26 and 27.

8.    Defendants believe that a joint reply will benefit the Court, but do not believe that they can sufficiently set forth their arguments and authority within the ten (10) page limit for a single reply set forth in this Court's Civil Practice Standards. Limiting Defendants to

2

ten (10) pages would inhibit their ability to adequately address each of the arguments in Plaintiffs' 30-page response to the motion to dismiss. Defendants are working diligently to make efficient use of the available space, will be as succinct as possible and will not exceed 20 pages in their reply.

9.      Plaintiffs do not oppose this request. The requested relief will not prejudice Plaintiffs.

## **CONCLUSION**

For good cause shown, Defendants request that the Court extend the page limitation for its joint reply by ten (10) pages, such that it shall not exceed 20 pages.

Dated:  May 13, 2026

Respectfully submitted,

WAKEFIELD & ASSOCIATES, LLC, ASSOCIATES and REVCO SOLUTIONS, INC. Defendants

 */s/ Joseph Sanders*
Joseph M. Sanders
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Tel: 312-704-3345
Email: jmsanders@hinshawlaw.com

3

**<u>Certification Re: Use of Generative Artificial Intelligence ("AI") for Drafting</u>**

The undersigned counsel certifies that generative artificial intelligence was not used to draft this filing.


Dated: May 13, 2026                    */s/ Joseph Sanders*

85693\329581741.v1