# Exhibit 3

No *Shepard's* Signal™
As of: May 15, 2026 4:17 PM Z

# Latham v. Health

District Court of Colorado, Boulder County

October 1, 2008, Filed

Case No. 06 CV 1040.

**Reporter**

2008 Colo. Dist. LEXIS 376 *

JENNIFER LATHAM, individually and as mother and natural guardian of EDEN and JACKSON LATHAM, minors, Plaintiff(s) v. ASSURANT HEALTH, ASSURANT, INC., FORTIS INSURANCE COMPANY, TIME INSURANCE COMPANY, AND JENNIFER G. SMITH, Defendant(s)

**Judges:** [*1] Roxanne Bailin, District Court Judge.

**Opinion by:** Roxanne Bailin

## Opinion

**RULING AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on Plaintiff's Submission of Their Motion for Summary Judgment and/or for Determination of Law Filed August 28, 2007 (hereinafter "Motion"). Having considered the parties' briefs and applicable law, the Court enters the following Ruling and Order.

**I. FACTS**

On or about August 18, 2005 Jennifer and Frank Latham applied for an individual health insurance policy through Assurant Health. Assurant Health is the trade name used for insurance products underwritten by Time Insurance Company (formerly known as Fortis Insurance Company) (hereinafter "Time" and "Fortis" respectively). As part of the application process, Mr. and Ms. Latham completed and signed a form titled Colorado Application for Medical Insurance that was marked with the Fortis name and logo and states as follows:

> In order to determine my (our) eligibility for insurance, I authorize any licensed physician; medical practitioner; hospital; clinic; any medically related facility; insurance company; the Medical Information Bureau; employer; or consumer reporting agency to give to Fortis [*2]  Insurance Company (or to any consumer reporting agency authorized by Fortis Insurance Company) any information regarding me or my family as to employment, other insurance coverage, personal information, and medical care, advice or treatment.

Mr. and Ms. Latham signed this form on August 18, 2005. On the same date, Ms. Latham also signed the form titled Fortis Insurance Company Authorization for Check-O-Matic Billing. On August 15, 2005, Ms. Latham signed the form titled Colorado Notice to Applicant Regarding Replacement of Accident and Sickness Insurance, which was marked with the Fortis name and logo. On August 20, 2005 Mr. and Ms. Latham signed the Underwriting Authorization (hereinafter "Authorization") which is the subject of Plaintiffs Motion. The Authorization has the name and logo of Assurant Health and does not mention Fortis.

On October 23, 2005, Mr. and Ms. Latham were severely and permanently injured in an automobile accident. Ms. Latham submitted claims for payment of her medical expenses. On December 5, 2005, Assurant Health notified Ms. Latham by letter that it had received information regarding her health history pertaining to medical conditions she had not disclosed on [*3]  her application. Assurant Health stated it would be removing Ms. Latham from coverage "based on the material misrepresentation" and enclosed an Amendment of Application excluding Ms. Latham from the policy from the effective date of coverage. Ms. Latham did not sign the Amendment of Application, and on January 25, 2006, Assurant Health notified Ms. Latham that it was rescinding the policy "due to non-receipt of signed requirements."

On October 27, 2006, Ms. Latham filed her Complaint and Jury Demand. The action was originally filed in Boulder County District Court. The insurer Defendants removed the case to federal court. While the case was pending in federal court, Plaintiff filed a Motion for Summary Judgment. The case was dismissed from federal court, and the Motion is now before this Court. Defendants filed their Response on August 28, 2008, and Plaintiff filed her Reply on September 19, 2008.

## II. STANDARD OF REVIEW

The purpose of summary judgment is to permit the parties to pierce the formal allegations of the pleadings and to save the time and expense connected with trial. Because summary judgment is a drastic remedy, the Court may

properly enter summary judgment only when there [*4] is no genuine issue about any material fact and the moving party is entitled to judgment as a matter of law. *Pueblo West Metropolitan District v. Southeastern Colorado Water Conservancy District*, 689 P.2d 594, 600 (Colo. 1984). In determining whether summary judgment is proper, the nonmoving party is entitled to the benefit of all favorable inferences that may reasonably be drawn from the undisputed facts, and all doubts must be resolved against the moving party. *Casebolt v. Cowan*, 829 P.2d 352, 354 (Colo. 1992); *Jones v. Dressel*, 623 P.2d 370, 373 (Colo. 1981). Even where it is extremely doubtful that genuine issues of material fact exist, summary judgment is not appropriate. *Mancuso v. United Bank of Pueblo*, 818 P.2d 732, 736 (Colo. 1991).

The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party. C.R.C.P. 56(c); *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 712 (Colo. 1987). Where a party moves for summary judgment on an issue on which he would not bear the burden of persuasion at trial, he may satisfy this burden by demonstrating that there is an absence of evidence in the record to support the nonmoving party's case. *Id.*; *Civil Service Comm'n v. Pinder*, 812 P.2d 645, 649 (Colo. 1991). Once the movant makes a convincing showing that genuine issues of material fact are lacking, the opposing party cannot rest upon the mere allegations or denials in his or her pleadings, but must demonstrate by specific facts that a controversy exists. *Sullivan v. Davis*, 474 P.2d 218, 221 (Colo. 1970).

## III. MERITS

Plaintiff argues that the Authorization is invalid under the Health Insurance Portability and Accountability [*5] Act (hereinafter "HIPAA"). Specifically, Plaintiff contends that because Assurant Health is not a legal entity but only a trade name under which Time operates, it is not a "person(s) or class or persons" to whom an authorization can be made. Plaintiff argues that because the Authorization is invalid, Time/Fortis was not permitted to use information obtained using the Authorization to rescind coverage. Defendants contend that the Authorization meets the HIPAA requirements for a valid authorization. Defendants argue that because Assurant Health is a trade name used to market insurance underwritten by Time, Time is included in the "person or class of persons" permitted to obtain information using the Authorization. Defendants further note that HIPAA does not create a private cause of action and contend that therefore the alleged HIPAA violation is a matter exclusively for the consideration of the Secretary of Health and Human Services. Defendants claim Plaintiffs Motion is "nothing more than a back-door attempt to obtain relief based on an alleged HIPAA violation." Response at 12.

2008 Colo. Dist. LEXIS 376, *5

Time is a "health plan,"and therefore is a covered entity under HIPAA. 45 C.F.R. §§160.102-03. A covered entity is prohibited from [*6] using or disclosing protected health information without a valid authorization. *Id.* § 164.508(a)(1). HIPAA does not address the collection of protected health information (hereinafter "PHI"). A valid authorization is required to include six core elements:

(i) A description of the information to be used or disclosed ...;

(ii) The name or other specific identification of the person(s), or class of persons, authorized to make the requested use or disclosure;

(iii) The name or other specific identification of the person(s), or class of persons, to whom the covered entity may make the requested use or disclosure.

(iv) A description of each purpose of the requested use or disclosure ...;

(v) An expiration date or an expiration event that relates to the individual or the purpose ...; and

(vi) Signature of the individual and date. Id. at §§ 164.508(c)(1)(i)-(vi).

"Person" is defined in the HIPAA regulations as "a natural person, trust or estate, partnership, corporation, professional association or corporation, or other entity, public or private." Id. at §160.103.

First, the Authorization describes the information to be used or disclosed as "any and all information ... about [the applicant], including, [*7] but not limited to, information regarding diagnosis, testing, treatment and prognosis of [the applicant's] physical or mental condition as well as alcohol abuse treatment, drug abuse treatment, psychiatric treatment, pharmacy prescriptions, HIV testing and treatment, STD testing and treatment, sickle cell testing and treatment, lab data and EKG's." Second, it identifies "any health care provider or medically related facility, pharmacy, or pharmacy related facility, the Medical Information Bureau, Inc, consumer reporting agency, insurance or reinsurance company or employer having information about me or my minor children" as the class of persons authorized to make the disclosure.

Third, it identifies "Assurant Health, its legal representative, or any medical records retrieval service Assurant Health may engage, including, but not limited to, EMSI" as the class of persons to whom the disclosures may be made. Assurant Health is not a legal entity but a trade name under which Time conducts business, and therefore "Assurant Health" does not meet the HIPAA definition of a "person." However, "Assurant Health" is the "name or other specific identification" of Time/Fortis; specifically it is [*8] a trade name of Time/Fortis. Time/Fortis, a

2008 Colo. Dist. LEXIS 376, *8

corporation, does meet the HIPAA definition of "person." Despite the requirement that the "name or specific identification" of the person or class of persons be stated, authorizations are not required to list each and every separate entity and individual within a "person(s) or class of persons" who might obtain health information. The regulation's contemplation of an authorization to a "class of persons" indicates the HIPAA regulations envision a very broad range of parties who may be permitted to disclose or receive health information pursuant to a valid authorization. Further, Mr. and Ms. Latham signed the Authorization as part of their insurance application, in which several forms were marked with Fortis's name or logo. One of those forms authorized Fortis to receive health information about the applicants. It is disingenuous for Plaintiff to claim that because the Authorization only used the Assurant Health trade name, she was unaware that the Authorization would be used by Fortis to obtain medical information about her.

Fourth, the Authorization states that its purpose is "to make eligibility or enrollment determinations ... [and] underwriting [*9]  or risk rating determinations." Fifth, the expiration event is listed as either the date the application for insurance is denied, the date the applicant declines enrollment, or the date the applicant ceases to be insured by Assurant Health, whichever occurs first. Sixth, the Authorization was signed and dated by both Mr. and Ms. Latham. Thus, each of the six core elements is met. The Authorization also contains the three required disclosures: that the individual has the right to revoke, the consequences of a refusal to sign, and that there is a potential for redisclosure. *See id.* at § 164.508(c)(2)(i)-(iii). Therefore, the Authorization is valid.

Even if the Authorization were invalid under HIPAA, it would not follow, as the Motion argues, that Time's use of unlawfully disclosed protected health information rendered Time's rescission of the insurance policy void. No private cause of action exists under HIPAA. *See Acara v. Banks*, 470 F.3d 569, 570 (5th Cir. 2006); *University of Colorado Hosp. Auth. v. Denver Publ'g Co.*, 340 F. Supp. 2d 1142, 1146 (D. Colo. 2004). If Plaintiff believes Time violated HIPAA, her only remedy is to file a complaint with the Secretary of Health and Human Services. 45 C.F.R. § 160.306. Finally, even if a private right of action did exist under HIPAA that entitled Plaintiff to have the rescission voided by this Court, such [*10]  action would be precluded based on Plaintiffs failure to exhaust her administrative remedies. *See Estates of Nau v. State of Colorado*, 183 P.3d 626, 636 (Colo. App. 2007) (noting that the court lacked jurisdiction over claim based on plaintiffs' failure to exhaust remedies available through the Veterans Administration).

**IV. CONCLUSION**

2008 Colo. Dist. LEXIS 376, *10

The Authorization is valid under HIPAA, and even if it were not, HIPAA does not provide a private cause of action; and Plaintiff has failed to exhaust her administrative remedies. Accordingly, Plaintiff's Motion is **DENIED.**

Dated October 1, 2008

BY THE COURT:

/s/ Roxanne Bailin

Roxanne Bailin

District Court Judge

---

**End of Document**