# Exhibit 4

No *Shepard's* Signal™
As of: May 15, 2026 4:17 PM Z

# Frey v. Walmart Inc.

District Court of Colorado, Broomfield County

November 21, 2025, Decided; November 21, 2025, Filed

Case Number: 2023CV30278

**Reporter**

2025 Colo. Dist. LEXIS 3852 *; 2025 LX 534151

CRYSTAL FREY, Plaintiff(s) v. WALMART INC, Defendant(s)

**Judges:** [*1] JEFFREY ALLEN SMITH, District Court Judge.

**Opinion by:** JEFFREY ALLEN SMITH

## Opinion

**Order re: Plaintiff's Motions Concerning Violations Of Protective Order**

This matter is before the court on several motions filed by Plaintiff alleging violations of the protective order entered in this case by Defendant, Defendant's experts and vendors used by Defendant for the trial. The court has reviewed the motions and Defendant's response. No timely reply has been filed. The motions filed by Plaintiff overlap in many respects as to the alleged violations and relief sought. This order addresses all of Plaintiffs motions concerning alleged violations of the protective order.

As an initial matter, much of the relief Plaintiff seeks the court cannot impose, even if Plaintiff could prove a violation of the protective order. For example, Plaintiff seeks relief under HIPAA, but Plaintiff has neither asserted a claim under HIPAA nor does Plaintiff have a private right of action under HIPAA. *See, e.g., Freier v. Colorado*, 804 Fed. Appx. 890, 892 (10th Cir. 2020). Nor does the court have the authority to refer Defendant or defense counsel to various federal agencies for investigation. Further, there is no basis for the court to order a new trial or enter a $4 million default judgment against [*2] Defendant.

Turning to the merits of Plaintiffs motions, the court finds that Plaintiff has not met her burden to establish a violation of the protective order. Plaintiff has not demonstrated to the court that the documents Plaintiff claims are

"confidential" under the protective order were in fact marked confidential when produced to Defendant. More importantly, even if the documents were "confidential" documents under the protective order, Defendant's use of the documents did not violate the protective order.

Plaintiff put her medical condition at issue in this case. The protective order allowed Defendant to use confidential documents at trial. Plaintiff has not demonstrated that Defendant used any confidential documents outside the scope of this litigation or in a manner not authorized by the protective order.

Defendant's experts who had access to some of Plaintiffs medical records signed the required confidentiality agreement. Plaintiff has not presented the court with any evidence to the contrary.

Plaintiff complains that Defendant's use of the firm Fraud Sniffr to investigate Plaintiffs public social media postings violated the protective order. The court finds nothing to support [*3] Plaintiffs claim. Plaintiffs publicly available social media postings do not fall within the scope of protected documents under the protective order. Plaintiff may not like the idea of someone scrubbing her social media and Internet posts to gather evidence for use at trial, but that is not a violation of the protective order. There is no evidence to suggest that Fraud Sniffr was provided with any confidential documents in this case.

Lastly, the court finds no violation of the protective order based on Defendant's use of vendors to make copies of trial exhibits or to have those copies delivered to the court pursuant to the courts trial instructions order. According to Defendant, the copy vendor and delivery company neither reviewed not retained any confidential information. Plaintiff has not demonstrated otherwise.

Accordingly, for the above reasons, Plaintiffs motions are denied.

Issue Date: 11/21/2025

/s/ Jeffrey Allen Smith

JEFFREY ALLEN SMITH

District Court Judge

**End of Document**